UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:18-CR-00066-DJH-HBB
CIVIL ACTION NO. 3:20-CV-00252-DJH

**ABELARDO GUZMAN, Jr.**                                          MOVANT/DEFENDANT

VS.

**UNITED STATES OF AMERICA**                                     RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION AND ORDER

Before the Court is Abelardo Guzman's second motion for leave to amend (DN 120). This matter has been referred to the undersigned for rulings on all non-dispositive motions and for findings of fact and recommendations on any dispositive matter (DN 103). The motion is ripe for determination. For the reasons set forth below, Guzman's motion is **DENIED**.

Background

Guzman, proceeding *pro se*, filed his motion to vacate under 28 U.S.C. §2255 on April 3, 2020 (DN 102). The motion raises four grounds for relief and includes a 21-page memorandum in support (DN 102-1). Previously, Guzman move the court for leave to amend his §2255 motion to include a fifth ground for relief (DN 117). Specifically, he sought leave to challenge the court's imposition of a 151-month sentence as to Counts One, Two, and Three (Id.). The Court denied his motion on grounds of futility (DN 118). Guzman again moves the Court for leave to amend his § 2255 to include a fifth ground for relief (DN 120). Specifically, he seeks leave to challenge the Court's imposition of a 151-month sentence as to Count Three (Id.).

Discussion

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to amend a petition for writ of habeas corpus, under 28 U.S.C. § 2254. See 28 U.S.C. § 2242 Para. 3 (an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Hodges v. Rose, 570 F.2d 643, 649 (6th Cir. 1978) ("Amendment of a petition for habeas corpuses governed by 'the rules of procedure applicable to civil actions.'") (quoting 28 U.S.C. § 2242). Rule 15(a)(2) applies to Guzman's motion.

Rule 15(a)(2) clearly mandates that the Court should freely grant leave to amend when justice so requires. See Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995). In evaluating the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)).

Notably, in the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss. See Demings v. Nationwide Life Ins. Co., 593 F.3d 486, 490 (6th Cir. 2010); Kottmyer v. Maas, 436 F.3d 684, 691-692 (6th Cir. 2006). "The test, therefore, is whether the proposed amended pleading, with all the factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment." Cato v. Prelesnik, No. 1:08-CV-1146, 2010 WL 707336, at *2 (W.D. Mich. Feb. 22, 2010).

In pertinent part the waiver provision within the plea agreement directs "[u]nless based on claims of ineffective assistance of counsel or prosecutorial misconduct, [Guzman] knowingly and voluntarily waives the right . . . to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise" (DN 60 ¶ 13).  The proposed amendment does not assert a claim of ineffective assistance of counsel or prosecutorial misconduct.  Instead, it collaterally attacks the Court's imposition of the 151-month sentence (DN 120).  As the proposed amendment is barred by the waiver provision in the plea agreement, it will not withstand a motion to dismiss.  Therefore, the Court concludes that Guzman's second motion for leave to amend must be denied on grounds of futility.

ORDER

**IT IS HEREBY ORDERED** that Guzman's motion for leave to amend (DN 120) is **DENIED**.

September 9, 2020

H. Brent Brennenstuhl
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:     Abelardro Guzman, Jr., *pro se*
            Counsel of Record